# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR CLARK, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 1:16-cv-01165-STA-egb |
| SHAWN PHILLIPS, | ) ) | |
| Respondent. | ) ) | |

## ORDER DENYING MOTION FOR STAY

On June 17, 2016, Petitioner, Victor Clark, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.) Currently before the Court is Clark's motion to stay the case. (Mo. Stay, ECF No. 22.) For the following reasons, the motion is **DENIED**.

In his Petition, Clark claims that his trial counsel was ineffective in several respects, that the evidence was insufficient to convict him of employing a firearm during the commission of a dangerous offense, and that the trial court erred in giving any significant weight to the testimony of the victims. (Pet., ECF No. 1 at 5, 6, 8, 10.) On January 11, 2017, Respondent, Shawn Phillips, filed his answer to the Petition. (Ans., ECF No. 20.) He argues that one of Petitioner's claims must be denied on the merits and that the remaining claims are barred by the doctrine of procedural default. (*Id.*) In lieu of filing a reply to the answer, Clark filed his motion to stay this case. (Mo. Stay, ECF No. 22.) He asserts that he "intends" to pursue collateral relief in the state courts and that his "mixed" federal habeas petition should therefore be stayed. (*Id.* at 1.)

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A claim must be "properly" exhausted, meaning it must be "fairly presented"

through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that a district court must dismiss a "mixed" § 2254 petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510. Subsequently, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed habeas petition to allow the prisoner to exhaust his unexhausted claims. *Id.* at 277-78.

As noted, Clark asserts that his Petition is "mixed." He does not, however, explain why he believes that is so or what claims, exactly, he is pursuing in state court. He also has not indicated anything more than an intention to initiate a state court proceeding. Because Clark has not shown that his Petitioner is mixed or that he is currently pursuing collateral relief in state court, the motion to stay is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 14, 2017